■ CLAUDIA A. LOCATELLI et al., Respondents, v SIMMONS ELEVATOR COMPANY, INC., Appellant. [727 NYS2d 199] —Crew III, J. P. Appeal from an order of the Supreme Court (Williams, J.), entered October 6, 2000 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Claudia A. Locatelli and her spouse, derivatively, commenced this action against defendant seeking to recover for injuries allegedly sustained by Locatelli in September 1995 when she was struck on the head by a freight elevator gate at her place of employment. Defendant, an elevator and escalator service company, performed safety tests and inspections of the elevator in question at regular intervals. Following joinder of issue and discovery, defendant moved for summary judgment dismissing plaintiffs' complaint contending, *inter alia*, that it lacked notice of any alleged defects in the elevator. Supreme Court denied defendant's motion, prompting this appeal.

We affirm. "An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found [citations omitted]" (*Rogers v Dorchester Assocs.*, 32 NY2d 553, 559). Based upon our review of the record as a whole, we are persuaded that a question of fact exists as to the adequacy of defendant's inspection of the subject freight elevator. Although defendant's owner and operator, David Zelker, who had inspected the freight elevator for a number of years prior to Locatelli's accident, testified that he checked to ensure that the counterweights, which controlled the speed with which the elevator gate could be raised or lowered, had proper clearance, he acknowledged that he never inspected the counterweights themselves, nor did he ever remove the counterweight guard to inspect the corresponding ropes. This concession alone, in our view, provides a sufficient basis upon which to deny defendant's motion. More-

over, even assuming that defendant discharged its initial burden on the motion for summary judgment by demonstrating that it lacked actual or constructive notice of any alleged defects in the elevator and, further, performed all inspections in a reasonable manner, we nonetheless conclude that the affidavit submitted by plaintiffs' expert highlighting certain alleged deficiencies in defendant's inspection process was sufficient to raise a question of fact as to the adequacy thereof and, hence, warrant denial of defendant's motion.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.